[No. 23864. Department Two. January 31, 1933.]

KENWORTHY GRAIN & MILLING COMPANY, *Respondent,* v.
GREEN MEADOW CHEESE FACTORY & DAIRY
COMPANY, *Appellant.*[1]

*Fred M. Bond* and *James P. Neal,* for appellant.

*Kelly & MacMahon,* for respondent.

MAIN, J.—This action was brought to recover the balance due upon an open account. The defendant denied liability and claimed payment, and by way of cross-complaint sought to recover a balance against the plaintiff. The cause was tried to the court without a jury, and resulted in findings from which it was concluded that recovery should be allowed upon the plaintiff's demand and denied upon the cross-complaint. Judgment was entered in favor of the plaintiff for the sum of $668.27, from which the defendant appeals.

The respondent was a corporation organized under the laws of this state, with its principal place of business in the city of Tacoma. J. Fred Kennedy was the

[1] Reported in 18 P. (2d) 489.

president and managing officer of the corporation. The Green Meadow Cheese Factory and Dairy Company was a corporation organized under the laws of this state, with its principal place of business in Thurston county. Joseph Buerkli was the president and managing officer of this corporation. For convenience, Buerkli will be referred to as though he were the appellant instead of the corporation.

For a number of years, Buerkli operated, upon what is known as the Brown farm in Thurston county, a dairy ranch upon which he had a large herd of milch cows. From time to time, he had purchased supplies from the respondent upon account, and from time to time made payments thereon. November 8, 1929, Buerkli, by what upon its face is a straight bill of sale, sold to the respondent sixty-seven head of cows, which are mentioned therein, for the recited consideration of $7,721.13. At the same time that the bill of sale was executed and delivered, Kenworthy gave to Buerkli a writing in the form of a letter which, aside from the formal parts, was as follows:

"For and in consideration of the payment of Fourteen hundred eighty one and 13/100 ($1481.13) dollars, representing your open account on our books to date, with interest at 8%; the payment of a Five thousand dollar ($5,000) note dated November 8th, 1929, drawing interest at 8%, and the return of the original stock in the Green Meadow Cheese Factory & Dairy Co., valued at approximately Twelve hundred forty ($1240) dollars, the Kenworthy Grain & Milling Company agrees to release a certain bill of sale covering sixty-seven (67) cows, dated November 8th, 1929.

"It is mutually understood that the Green Meadow Cheese Factory and Dairy Company will feed and care for the cattle described in the above mentioned bill of sale."

A short time prior to the time that the bill of sale and letter passed between the parties, Buerkli had

held an auction sale of milch cows upon the ranch which he was then operating. At this sale, one Phillip Zerfluh was a bidder for him, and bid in a large number of the cows which were put up for sale. After the sale was over, Buerkli paid Zerfluh one dollar per head for the bidding in of the cows mentioned. Shortly after the 8th of November, when the bill of sale was given, Buerkli removed from the Brown ranch to another ranch, but at the latter there were no facilities for taking care of the number of cows covered in the bill of sale. As a result, Kenworthy sent Zerfluh to the ranch to get the cows and take them to a ranch in Pierce county. After they were thus removed, they were sold by Zerfluh and the proceeds were turned over to the respondent.

The disposition of the cows covered a period of six or seven months. During this time, the feed for the cows was supplied by the respondent. Kenworthy and one of the employes of the respondent testified that the cows were taken at the request of Buerkli, and that the latter said to sell the same. Kenworthy, in part, testified:

"Buerkli said to sell the cattle and came in and told us to move them. We had tried to sell some of them while they were at Buerkli's place. He told us to sell them and to get them off of the place. Buerkli and Zerfluh had been working together with reference to these cattle. It was agreeable with Buerkli to have Zerfluh sell the cattle."

The employe mentioned testified to the same general effect.

Buerkli testified in part:

"I met Mr. Kenworthy on the 13th of December and told him I was going to move off the place, and that I needed the cows no more; and they would have to take the cows away. They would have to be sold as I had no room for them. I was going over to the Hartman

place and there was no room on that place and no feed and that he must take the cows out of the way.''

After the cows were all sold and the proceeds applied upon the items mentioned in the letter above set out, according to the books of the respondent there remained a balance due for supplies which he had furnished Buerkli.

The controlling question in the case, as it appears to us, is whether the transaction on November 8, when the bill of sale and the letter passed, was an absolute sale and transfer of the cows to the respondent, or whether they were turned over as security. The letter having been given at the same time that the bill of· sale was delivered, the two instruments must be read together. The letter plainly indicates that the transaction was not absolute, but that the bill of sale was, in effect, and was intended to be, as between the parties, a chattel mortgage. Were this not true, it is difficult to see the reason for the giving of the letter.

In addition to this, as above indicated, Buerkli, by his own testimony, had said to Kenworthy that the cows would have to be sold. If the transaction was absolute, it would have been no concern of Buerkli whether the cows were sold or what disposition was made of them.

While the formal findings of fact do not cover the precise question which we have above stated, the trial court, in a memorandum opinion, made this observation:

''In consideration of the record and the briefs of counsel I am convinced that the defendant through Mr. Buerkli delivered the cows which are the subject matter in this cause to the plaintiff because of exigencies which arose in his own affairs, and that it was for his own accommodation, and that it was agreed that any price that was realized by the sale of the cows should be credited on the account of the defendant.''

After giving consideration to all of the evidence in the case, we are of the opinion that the views expressed by the trial court are sustained thereby. In fact, it is difficult to see how any other conclusion could be reached.

As to the cross-complaint, this was predicated upon the assumption that the sale was absolute, and since we have found otherwise, it is not necessary here to further consider that phase of the controversy.

Attention has been called to the fact that the five thousand dollar promissory note and the corporate stock mentioned in the letter had not been returned to Buerkli; but this is not a matter of controlling importance in this case. Buerkli says that he had demanded the return of these documents, and Kenworthy says that at no time had any demand been made for their return. In this regard, we are of the view that Kenworthy's testimony should be accepted, and that no demand had been made.

The judgment will be affirmed.

BEALS, C. J., STEINERT, and TOLMAN, JJ., concur.